CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 19 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| ANDRE J. HOWARD et al., | Civil Action No. 1:12cv00035 |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION** |
| ABINGDON VIRGINIA IN WASHINGTON COUNTY, | |
| Defendant. | By: Samuel G. Wilson<br>United States District Judge |

This is an action by *pro se* plaintiff Andre J. Howard[1] and an indeterminate number of Howard's family members against the town of Abingdon, Virginia,[2] alleging (among other things not immediately clear) that the defendants have taken advantage of minorities and their properties for profit. Howard seeks $3,500,000 for pain and suffering, and an injunction ordering the town to "complete and continue . . . maintenance of Taylor Hill's redevelopment." Abingdon has moved to dismiss Howard's complaint for failure to state a claim. Howard's time

---

[1] Howard has an extensive track record in the federal courts. See Howard v. Methodist Hosp. Sys., Civil Action H-05-2142, at *1–6 (S.D. Tex. Dec. 13, 2005) ("In the last decade, Andre Joel Howard has filed ten lawsuits in this court. . . . Open courts have limits, and Howard has reached them. . . . Howard will be precluded from filing another lawsuit in this court and its adjuncts until he has advance written permission of this judge and until he has made good-faith payments on his cost and sanctions obligations here and in the court of appeals.").

[2] It is not wholly clear whether Howard intended to name Washington County, Virginia in this suit. The caption of Howard's complaint lists "Abingdon Virginia in Washington County" as the sole party, and Howard has not amended his complaint. However, it appears that Howard attempted to serve Washington County by hand-delivering a summons to the Washington County Commissioner of Revenue. Counsel for Washington County has made a special appearance to inform Howard and the court that if Howard in fact intended to sue the county, service of process was noncompliant with Federal Rule of Civil Procedure 4(j)(2) and Virginia Code § 8.01-300.2. See Fed. R. Civ. P. 4(j)(2)(A)–(B) ("A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."); Virginia Code § 8.01-300.2 (requiring service of process on the County Attorney or Commonwealth's Attorney). Whomever Howard intended to sue, his complaint states no claim against any party.

to respond has elapsed, and the matter is ripe for decision. Viewing Howard's complaint in the light most favorable to him, the court is wholly unable to discern a plausible claim to relief and will therefore dismiss this matter without prejudice.[3]

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This familiar rule is greatly relaxed for *pro se* plaintiffs, and litigants with meritorious claims should not be stymied by technical rules of pleading. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). The relaxation of Rule 8(a)(2) is not, however, without limits. A court must be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278.

In his complaint, Howard has attempted to describe Abingdon's alleged wrongs against a number of Abingdon residents. Among other things, he mentions Abingdon's retaliation for an old, unpaid water bill; a neighborhood "overtaken by the City and County to ensure that minorities no longer are the primary owners of said properties"; a lack of road maintenance; wrongful collection of property taxes; zoning; social conditions; stop and frisks; nationhood; equal protection; and age discrimination. At no point, however, does Howard assemble a coherent claim to relief. Not only is it difficult to ascertain the legal theories on which Howard relies, it is impossible to glean factual support for any such legal theories. While the pleading rules do not impose an exacting standard on Howard, he must offer some foothold on which

---

[3] To survive a Rule 12(b)(6) motion, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted). Courts must liberally construe *pro se* complaints, Erickson v. Pardue, 551 U.S. 89, 94 (2007), and accept the claimant's factual allegations as true. Hemi Group, LLC v. City of N.Y., 130 S. Ct. 983, 986–87 (2010). However, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

Abingdon can base an answer or on which the court can base a judgment. Accordingly, the court will dismiss Howard's complaint without prejudice for failure to state a claim.[4]

**ENTER**: September 19, 2012.

UNITED STATES DISTRICT JUDGE

---

[4] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process. See Local Rule 11(b) ("In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing.").